TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

HAYLEY A. CARPENTER, CA Bar # 312611
TYLER M. ALEXANDER, CA Bar # 313188
ANTHONY D. ORTIZ, DC Bar # 978873
Trial Attorneys
Natural Resources Section;
Wildlife & Marine Resources Section
150 M St. NE
Washington, D.C. 20002
Phone:  (202) 305-0242 (Carpenter)
        (202) 305-0238 (Alexander)
        (202) 307-1147 (Ortiz)
hayley.carpenter@usdoj.gov
tyler.alexander@usdoj.gov
anthony.d.ortiz@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, an Oregon non-profit corporation; **OREGON WILD**, an Oregon non-profit corporation; **CENTRAL OREGON LANDWATCH**, an Oregon non-profit corporation; **SIERRA CLUB**, a California non-profit corporation; **GREAT OLD BROADS FOR WILDERNESS**, a Montana non-profit corporation; and **WILDEARTH GUARDIANS**, a New Mexico non-profit corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his official capacity as Regional Forester for | Case No. 2:22-CV-00859-HL<br><br>**JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE** |

Region 6; and the **UNITED STATES FOREST SERVICE**,

      Defendants.

      The Parties have conferred under Local Rule 7-1 and jointly propose the following schedule for resolution of this matter.

I.      Parties and Representatives

      The Plaintiffs in this case are Greater Hells Canyon Council, Oregon Wild, Central Oregon LandWatch, Sierra Club, Great Old Broads for Wilderness and WildEarth Guardians.

Counsel for Plaintiffs are:

      Meriel L. Darzen
      (503) 525-2725
      meriel@crag.org
      Oliver J. H. Stiefel
      (503) 227-2212
      oliver@crag.org
      Crag Law Center
      3141 E. Burnside St.
      Portland, Oregon 97214
      Fax: (503) 296-5454

      The Defendants in this case are Homer Wilkes, in his official capacity as Undersecretary for Natural Resources and Environment; Glenn Casamassa, in his official capacity as Regional Forester for Region 6; and the United States Forest Service.  Counsel for Defendants are:

      HAYLEY A. CARPENTER, CA Bar # 312611
      TYLER M. ALEXANDER, CA Bar # 313188
      ANTHONY D. ORTIZ, DC Bar # 978873
      Trial Attorneys
      Natural Resources Section;
      Wildlife & Marine Resources Section
      150 M St. NE
      Washington, D.C. 20002
      Phone:  (202) 305-0242 (Carpenter)
             (202) 305-0238 (Alexander)
             (202) 307-1147 (Ortiz)
      hayley.carpenter@usdoj.gov
      tyler.alexander@usdoj.gov

anthony.d.ortiz@usdoj.gov

II.     Nature of the Case

On June 14, 2022, Plaintiffs filed a lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, challenging Defendants' Decision Notice for the Forest Plans Amendment to Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington ("Screens Amendment" or "Decision") (Dkt. #1).

Plaintiffs bring claims pursuant to the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600–1614, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370h, and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531–1544, and seek declaratory and injunctive relief.  This action is brought pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.

The Parties agree that the NFMA and NEPA claims in this case invoke review of an administrative record and are therefore exempt from initial disclosures and discovery planning requirements set forth in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i), 26(f)(1).

Plaintiffs' position is that any claims arising under the ESA are claims that are not limited to evidence contained in any administrative record prepared in this case.  Although Plaintiffs do not anticipate the need to seek discovery related to any ESA claims, they reserve the right to do so.  Defendants' position is that all the claims in this case, including the ESA claims, are governed by the Administrative Procedure Act's standard and scope of review, and so review is limited to the record prepared in this case.  Thus, to the extent Plaintiffs attempt to seek discovery related to any ESA claim, Defendants reserve the right to oppose any such request.

Defendants have represented to Plaintiffs that the commercial harvest components of projects that rely on the Forest Plan Amendment challenged by Plaintiffs have not yet been implemented and no ground disturbing activity is likely to occur before spring of 2023 on the commercial harvest components of projects that rely on the Forest Plan Amendment challenged by Plaintiffs. In light of those representations, at this time Plaintiffs do not anticipate needing to seek emergency relief if the below schedule is adopted by the Court. The Parties have conferred and jointly propose the following initial case management schedule:

Administrative Record

- October 14, 2022: Defendants will lodge the Administrative Record with the Court and provide a copy to Plaintiffs' counsel on a USB drive.

- November 4, 2022: Plaintiffs will inform Defendants in writing as to their objections to the Administrative Record and a list of any materials that they assert are necessary to supplement or complete the Administrative Record. The Parties will then confer, in good faith, in an attempt to resolve any issues informally.

- November 23, 2022: Defendants will file a supplemental Administrative Record, if any.

Disputes Regarding the Administrative Record or Extra-Record Materials.

The parties cannot agree to an approach to the timeline for addressing any disputes over the Administrative Record or extra-record materials. The parties' respective positions are as follows:

Plaintiffs' proposed approach:

a. The deadline for filing motions to complete or supplement the Administrative Record shall be December 12, 2022.

b.     Defendants' response to any such motion shall be January 20, 2023. The deadline for Plaintiffs' reply shall be February 17, 2023. Federal Defendants shall not file a supplemental administrative record during merits briefing unless ordered to do so by the Court in response to motions practice on the administrative record.

c.     Although the above dates are concurrent with summary judgment briefing schedule set forth below, under Plaintiffs' proposal, the parties would reserve the right to seek leave to suspend the briefing schedule if the scope of motions to complete involves a voluminous number of records or for good cause. Plaintiffs do not believe, however, that automatically suspending the briefing schedule in the face of motions practice related to the administrative record is the best path forward for this case. It is possible that such motions practice could be limited to a very small set of discrete documents. In such circumstances, the parties could move forward with the briefing schedule while resolving the administrative record dispute.

d.     Completion and/or supplementation in the course of summary judgment briefing will conserve resources and avoid duplicative briefing, because parties can usually only demonstrate that a court should consider extra-record materials by reference to their arguments on the merits and the facts of the case. It will also allow the court to have better context for the documents sought to included. Furthermore, this procedure is consistent with the District

of Oregon's prescribed practice for handling evidentiary objections in the course of summary judgment briefing.  See LR 56-1; see also *Audubon Soc'y v. Zinke*, Case No. 1:17-cv-00069-CL, 2017 U.S. Dist. LEXIS 82286, at *4–7 (D. Or. May 16, 2017) (rejecting the federal defendants' argument that extra-record materials should be addressed through separate briefing prior to summary judgment and, instead, finding that parties were not foreclosed from seeking to supplement the record once summary judgment briefing begins); *Or. Natural Desert Ass'n*, 593 F. Supp. 2d at 1216 ("This court will follow the procedure of determining whether evidence falls within one of the exceptions when such evidence is submitted in support of substantive motions.").

Defendants' Proposed Approach:

a.     If, on or before November 23, 2022, the Parties have determined they cannot come to a resolution regarding objections to the Administrative Record, Plaintiffs will file a motion to supplement, complete, and/or correct the Administrative Record.

b.     On or before December 9, 2022, Defendants will file a brief in opposition to Plaintiffs' motion to supplement or complete the Administrative Record, if any.

c.     On or before December 23, 2022, Plaintiffs will file a reply in support of their motion to supplement or complete the Administrative Record, if any.

d.   If Plaintiffs move to supplement, complete, and/or correct the Administrative Record, then, within 10 days after the Court's resolution of the motion, the Parties will file a Joint Status Report with the Court in which the Parties will propose a schedule for summary judgment briefing.  Defendants' proposal applies to the Administrative Record only.  In the event Plaintiffs do not move to complete or supplement the Administrative Record, the Parties agree to the summary judgment briefing schedule outlined below.

e.   Defendants propose the above briefing schedule—that would take place *before* summary judgment briefing—because it comports with the longstanding rule that judicial review under the APA is limited to the administrative record.  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (when reviewing administrative decisions, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (internal citation omitted)).  An agency's "record . . . is entitled to a presumption of completeness."  *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds,* 138 S. Ct. 443 (2017) (per curiam).  The presumption derives from recognition that "[i]t is the agency that did the 'considering,' and . . . therefore is in a position to indicate initially which of the materials were 'before' it— namely, were 'directly or indirectly considered.'"  *Pac. Shores*

*Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (first alteration in original) (citations omitted). Plaintiffs' proposal to brief any record motion concurrently with briefing summary judgment flips this presumption on its head by requiring the Parties to brief the merits of the case without knowing what is in or out of the administrative record. Plaintiffs' approach also improperly asks the Court to review documents that the agency has determined fall outside of the record at the same time that it is adjudicating the merits of the case. Defendants propose simply that the Parties and the Court resolve the contents of the record before briefing the merits of the case.

<u>Cross-Motions for Summary Judgment</u>

- December 12, 2022: Plaintiffs will file a Motion for Summary Judgment and Memorandum in Support. Plaintiffs' Summary Judgment Motion and Memorandum shall be limited to 40 pages in length, excluding caption, table of contents, table of authorities, signature block, and any certificates of service or compliance.

- January 20, 2023: Defendants will file a combined Cross-Motion for Summary Judgment and Memorandum in Support. Defendants' combined Cross-Motion for Summary Judgment and Memorandum shall be limited to 50 pages in length, excluding caption, signature block, and any certificates of service or compliance.

- February 17, 2023: Plaintiffs will file a combined Response to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment. Plaintiffs' combined Response and Reply shall be limited to 40 pages in

length, excluding caption, table of contents, table of authorities, signature block, and any certificates of service or compliance.

- March 6, 2023: Defendants will file a Reply in Support of their Cross-Motion for Summary Judgment. Defendants' Reply will be limited to 20 pages in length, excluding caption, any table of contents, any table of authorities, signature block, and any certificates of service or compliance.

III.     Oral Argument

Plaintiffs respectfully request that the Court calendar a date for oral argument and that it do so for the week of April 10, 2023, if possible, or as soon thereafter as the Court's calendar will allow. Defendants take no position regarding oral argument, but are happy to participate should the Court find oral argument helpful or necessary.

Respectfully submitted this 3rd day of October, 2022.

s/   *Meriel Darzen (with permission)*
MERIEL DARZEN (OR Bar No. 113645)
(503) 525-2725 | meriel@crag.org
OLIVER J. H. STIEFEL (OR Bar No. 135436)
(503) 227-2212 | oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

s/   *Hayley A. Carpenter*
HAYLEY A. CARPENTER
TYLER M. ALEXANDER
ANTHONY D. ORTIZ
Trial Attorneys
Natural Resources Section
Wildlife & Marine Resources Section
150 M St. NE
Washington, D.C. 20002
Phone: (202) 305-0242 (Carpenter)
(202) 305-0238 (Alexander)
(202) 307-1147 (Ortiz)
hayley.carpenter@usdoj.gov
tyler.alexander@usdoj.gov
anthony.d.ortiz@usdoj.gov

*Counsel for Defendants*