Meriel L. Darzen, OSB No. 113645
(503) 525-2725 │ meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436
(503) 227-2212 │ oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL, OREGON WILD, CENTRAL OREGON LANDWATCH, SIERRA CLUB, GREAT OLD BROADS FOR WILDERNESS**, and **WILDEARTH GUARDIANS**,<br><br>  Plaintiffs,<br><br>  v.<br><br>**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his capacity as Regional Forester for Region 6; and the **UNITED STATES FOREST SERVICE**,<br><br>  Defendants,<br><br>**AMERICAN FOREST RESOURCE COUNCIL**, and **EASTERN OREGON COUNTIES ASSOCIATION**,<br><br>  Defendants-Intervenors. | Case No. 2:22-cv-00859-HL<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO JAMES JOHNSTON'S MOTION TO FILE AMICUS BRIEF** |

Plaintiffs Greater Hells Canyon Council, Oregon Wild, Central Oregon LandWatch, Sierra Club, Great Old Broads for Wilderness, and WildEarth Guardians ("Plaintiffs") hereby submit their *Response in Opposition to James Johnston's Motion to File Amicus Brief*, ECF57. This response is supported by the Declaration of Meriel Darzen which is filed herewith.

## INTRODUCTION

This court should deny James Johnston's motion for leave to appear as amicus curiae for three reasons. First, his position is already both functionally and legally represented, as he is a consultant for the Forest Service on the Screens Amendment. The agency has asserted the deliberative process privilege to withhold Professor Johnston's communications and work product from the administrative record; for the purposes of this litigation and the issues before the court, he is already represented as a party. Second, the primary purpose of Professor Johnston's proposed participation in this case is to introduce impermissible extra-record evidence. Professor Johnston asks the court to go outside the administrative record to consider opinion testimony and post-decisional journal articles, but there is simply no place for such materials. By stipulation of the Parties and pursuant to the well-settled "record-review rule," this Court is bound to the administrative record on review of Plaintiffs' claims under the National Environmental Policy Act ("NEPA"), 16 U.S.C. §§ 4321–4370h. Third, where not extra-record, Professor Johnston's brief and letter are nothing more than duplicative of the agency's brief. Proposed amicus curiae flouts the applicable legal standards; this Court should deny the motion.[1]

///

---

[1] If this Court grants the motion, Plaintiffs reserve the right to separately file a motion to strike the extra-record materials in the Johnston declaration and attached exhibit, ECF58, and all citations thereto in the amicus curiae brief, ECF57-1

OPP. TO JOHNSTON AMICUS - 1

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

**LEGAL STANDARDS**

Traditionally, an "amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Cmty. Ass'n for Restoration of the Env't v. Deruyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).[2] The "classic role" of an amicus curiae is to assist by "supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont.,* 694 F.2d 203, 204 (9th Cir. 1982). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide . . . Otherwise, leave to file an amicus curiae brief should be denied." *Cmty. Ass'n for Restoration of the Env't.* at 974.

An amicus curiae is not a party to the litigation," and courts "rarely give parties prerogatives to those not formal parties." *WildEarth Guardians v. Jeffries* ("*Guardians*"), 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) (citing *Miller-Whol*, 694 F.2d at 204) (Magistrate Findings and Recommendation adopted in full, except as to INFISH claim, *Guardians*, 370 F. Supp. 3d 1208). This standard is particularly salient in the context of evidentiary submissions. *See id.*

For claims brought pursuant to the APA, judicial review is limited to the administrative record that was before the agency at the time it made its decision. *Camp v. Pitts*, 411 U.S. 138,

---

[2] Cases have been cleaned up, with internal citations omitted, unless otherwise noted.

OPP. TO JOHNSTON AMICUS - 2

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

141–42 (1973).[3] "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986). Subject to narrow exceptions, the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp*, 411 U.S. at 142; *see also Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (articulating what have come to be known as the "*Lands Council*" exceptions to the record-review rule).[4]

The *Lands Council* exceptions "are to be narrowly construed," *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014), and "only apply to information available at the time, not post-decisional information." *Tri-Valley CAREs v. U.S. DOE*, 671 F.3d 1113, 1130 (9th Cir. 2012). The party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies. *Locke*, 776 F.3d at 993. A district court abuses its discretion when it admits extra-record evidence to "determine the correctness or wisdom of the agency's decision." *Id.* (citing *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1159 (9th Cir. 1980)). This is especially true of post-decision information, which may not be used to rationalize, attack, or even analyze an agency decision post hoc. *Tri-Valley CAREs*, 671

---

[3] Plaintiffs' NEPA claims, the subject of the proposed amicus curiae brief, are brought under APA. *Or. Natural Res. Council Fund v. Goodman*, 505 F.3d 884, 889 (9th Cir. 2007).

[4] Under *Lands Council*, a reviewing court may consider extra-record evidence where the admission of that evidence (1) is necessary to determine whether the agency has considered all relevant factors and explained its decision; (2) is necessary to determine whether the agency has relied on documents not in the record; (3) when supplementing the record is necessary to explain technical terms or complex subject matter; or (4) when plaintiffs make a showing of agency bad faith. 395 F.3d at 1030.

OPP. TO JOHNSTON AMICUS - 3

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

F.3d at 1131 (citing *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006)).

It is rarely appropriate for an amicus curiae to file a motion to consider extra-record evidence. *See Guardians*, 370 F. Supp. 3d at 1228. Submitting extra-record, post-decision evidence for the purpose of bolstering the agency's decision is not permissible for any party, let alone an amicus curiae. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (striking "post-decision information" because it "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision"); *see also Metcalf v. Daley*, 214 F.3d 1135, 1141, n.1 (9th Cir. 2000) (striking extra-record documents attached to amicus curiae brief).

## BACKGROUND

At the outset of this case, Plaintiffs and Federal Defendants stipulated that Plaintiffs' claims arising under NEPA and National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600–1604, were subject to the APA's scope of review, meaning that review of those claims would be limited to the administrative record. ECF23 at 3.[5] On October 14, 2022, Federal Defendants lodged the Administrative Record ("AR") for this case. ECF28. After the Parties successfully resolved Plaintiffs' primary objections to the record, *see* ECF35, on December 9, 2022, Federal Defendants lodged the Revised AR. ECF36.

---

[5] Based on the weight of the caselaw in the Ninth Circuit, Plaintiffs maintain that review of their claim under the Endangered Species Act ("ESA") is not limited to the Administrative Record. *See* ECF23 at 3; *Guardians*, 370 F. Supp. 3d at 1227. To date, Plaintiffs and Federal Defendants have resolved their disputes over the record, and in any event, the scope of review for Plaintiffs' ESA claim is immaterial to the present dispute, which relates solely to Plaintiffs' NEPA claim that the agency failed to prepare an Environmental Impact Statement ("EIS").

OPP. TO JOHNSTON AMICUS - 4

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

Plaintiffs filed their opening summary judgment papers on December 27, 2022. ECF41–49. The Nez Perce Tribe sought and was granted amicus curiae status, ECF38, 40, and the Tribe filed its brief on January 20, 2023. ECF52. Federal Defendants responded on February 10, 2023. ECF56. That same day, Professor Johnston submitted his motion for leave to participate as amicus curiae, ECF57, along with a proposed amicus curiae brief, ECF57-1, and declaration and attached exhibit, ECF58. The brief is submitted solely in response to Plaintiffs' claim that the Forest Service violated NEPA by failing to prepare an EIS. ECF57-1 at 2. The purpose of the declaration is to provide a vehicle for filing a letter and three journal articles, attached as Exhibit A to the declaration. The letter, addressed to this Court, is dated February 1, 2023. ECF58 at 7. Accordingly, the letter post-dates the challenged decision in this case by approximately two years. *See* AR34767 (Decision Notice signed on January 12, 2021). Appended to the letter are three journal articles, all of which post-date the decision by approximately six months. ECF58 at 35 (July 8, 2021), 69 (July 6, 2021), 80 (July 4, 2021).

The letter provides Professor Johnston's opinions about the Screens Amendment.[6] He disagrees with assertions made by Plaintiffs that were based on evidence *in* the administrative record. *See, e.g.*, Ptfs' Memo ISO MSJ at 11–12, ECF41 (citing, *inter alia*, AR33922–98, 48129, 48133–216, 28200–304, 48118–128). In contrast, Professor Johnston attempts to argue about the degree of scientific controversy caused by the Screens Amendment by citing the three, post-decisional journal articles and otherwise presenting his view of what he deems is the "relevant"

---

[6] Plaintiffs note that the letter includes signatures from other scientists. The declaration, however, states that the letter was written by Professor Johnston himself (ECF 57-1 at 2) and none of the other scientists have sought leave to appear as amici curiae. Thus, Plaintiffs treat this as a motion and submission from Professor Johnston alone.

OPP. TO JOHNSTON AMICUS - 5

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

science. *See* ECF58 at 9, 11, 12, 13, 14, 15. It is notable that Professor Johnston ventures outside the administrative record to support his positions because he actively participated in the Screens Amendment administrative process. But he did not submit public comment on the Amendment, or even provide information on behalf of other commenters. Rather, he participated as a paid consultant of the Forest Service. *See* AR34343, 34787. His work was so integrated into the agency's work product that Federal Defendants have asserted the deliberative process privilege over his pre-decisional communications with the agency. *See* Declaration of Meriel Darzen ("Decl. Darzen") at ¶ 2.

With his letter, Professor Johnston is attempting to bolster the rationale behind the agency's decision. *See, e.g.*, *id.* at 10 ("the Forest Service in the EA and decision notice (DN) made reasonable conclusions from the scientific literature about the historical condition of eastside forests"); *id.* at 14 ("We do not believe that the Forest Service's EA or decision notice mischaracterized the state of the science relevant to environmental effects of these treatments or made unreasonable assumptions."). Professor Johnston requests this Court to "consider" the materials—particularly the post-decisional journal articles which allegedly "speak directly to the issue of scientific controversy." ECF58 at 8, 19.

On February 14, 2023, this Court asked Professor Johnston "to provide legal authority for an amicus to submit an extra-record declaration such as the one he has provided. ECF58; *see* [*Guardians*, 370 F. Supp. 3d at 1228] (discussing limitations on amicus' ability to submit extra-record evidence)." *See* Email from Courtroom Deputy to Parties, February 14, 2023. Per the Court's request, counsel for Plaintiffs and proposed amicus curiae conferred and proposed a schedule for addressing the issue, which was adopted by the Court. ECF59.

OPP. TO JOHNSTON AMICUS - 6

# ARGUMENT

**I.    James Johnston's Participation as an Amicus Curiae is Improper Because He Was a Consultant for the Forest Service on the Screens Amendment and His Interest is Therefore Already Represented.**

"The term 'amicus curiae' means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Here, Professor Johnston is even beyond a "friend of a party." As a consultant to the agency on the Screens Amendment, his positions on the Amendment are so coextensive and intermingled with Federal Defendants' that the agency has asserted the deliberative process privilege over them. He now wishes to participate as an amicus curiae but he—and the agency—cannot have it both ways.

Federal Defendants have already used Professor Johnston's status as a consultant on the Screens Amendment to their advantage. On November 14, 2022, during conferral over the administrative record, Ms. Carpenter, counsel for Federal Defendants, represented that Professor Johnston, in a consultant role, reviewed the draft NEPA documents for the Screens Amendment. *See* Decl. Darzen, ¶ 2 and Ex. 1; *see also* AR34343, 34787 (email correspondence from Emily Platt, project team leader, to Professor Johnston discussing his review of EA and allocation of funds to pay him to review the draft NEPA documents). As such, Ms. Carpenter explained that the agency considered Professor Johnston's documents and communications deliberative—as if they were written by agency staff—and would be withholding them from the administrative record. *Id.* This position means that Professor Johnston is, for the purposes of this litigation, already a party whose interests are coextensive with and represented by Federal Defendants. *Rojas v. FAA*, 989 F.3d 666, 675 (9th Cir. 2021) (for the consultant corollary doctrine to apply [and thus deliberative process privilege], the outside consultant cannot "represent an interest of

OPP. TO JOHNSTON AMICUS - 7

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

its own, or the interest of any other client") (citing *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 11 (2001)).

Federal Defendants and Professor Johnston attempt to have their cake and eat it, too, by seeking to also have Professor Johnston present his opinion to the court as an amicus curiae (although clearly not a disinterested one). But where the agency has already withheld Professor Johnston's pre-decisional contributions as "deliberative," his participation as an amicus is improper. *Miller-Wohl,* 694 F.2d at 204 ("An amicus curiae is not a party to litigation."); *Klamath*, 532 U.S. at 11 (noting that in the "typical case[ ]," the consultant's "only obligations are to truth and its sense of what good judgment calls for, and in those respects the consultant functions just as an employee would be expected to do."); *see also Wildearth Guardians v. Bail,* No. 2:20-CV-440-RMP*,* 2021 U.S. Dist. LEXIS 104417, at *5 (E.D. Wash. Apr. 6, 2021) (denying motion where proposed amici's perspective was similar to and sufficiently represented by Defendant)*.* Professor Johnston's work as a paid consultant during the administrative process should disqualify him from participating as an amicus curiae.

## II.   Professor Johnston Impermissibly Seeks to Admit Inadmissible Extra-Record Evidence.

The Forest Service's paid consultant's attempt to insert new evidence into this matter is doubly inappropriate. First, it is generally impermissible for an amicus curiae, who is not a formal party, to submit extra-record evidence, especially where, as here, the parties stipulated that review of Plaintiffs' NEPA claims is limited to the administrative record. Second, proposed amicus curiae has not provided this Court with any basis by which this Court may review the materials without running afoul of the record-review rule, which bars submission of post-decisional information to rationalize an agency's decision. Because Professor Johnston's

OPP. TO JOHNSTON AMICUS - 8

submission of extra-record evidence is the *sine qua non* of his participation in this case, his motion for leave to participate should be denied.

### A. By Submitting Extra-Record Evidence, Professor Johnston Exceeds His Role as an Amicus Curiae.

As discussed above, an amicus curiae, who is not a party, is not given the "prerogatives" of formal parties. *See Guardians*, 370 F. Supp. 3d 1228. If the Parties here are precluded from submitting extra-record evidence to attack or sustain the agency's decision not to prepare an EIS, it would be highly incongruous to allow proposed amicus curiae to do so. Allowing Professor Johnston to submit extra-record post-decision materials to support the Screens Amendment decision would afford him prerogatives *beyond* the Parties, which are bound to the administrative record.

Judge Sullivan recently struck down the attempt to submit extra-record evidence by an amicus curiae in *Guardians*. There, amicus curiae State of Oregon, by and through the Oregon Department of Fish and Wildlife ("ODFW"), filed a motion to submit extra-record evidence. Judge Sullivan rejected this effort in a Findings and Recommendation that was adopted by the District Court judge (Judge Hernández) in relevant part. ODFW had not moved to intervene and therefore did not have "the prerogatives of a proper party in this action." *Id.* Accordingly, Judge Sullivan concluded that the motion to submit extra-record evidence was improper. *Id.*[7]

---

[7] Plaintiffs observe that courts have permitted amicus curiae to submit extra-record evidence in some limited instances, such as for purposes of deciding injunctive relief, *see, e.g.*, *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, No. 3:01-cv-0640-SI, 2017 U.S. Dist. LEXIS 44026, at *20 (D. Or. Mar. 27, 2017). That is a far cry from the extra-record opinion testimony and post-decisional studies submitted here, as discussed more fully below.

OPP. TO JOHNSTON AMICUS - 9

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

Rejection of Professor Johnston's extra-record evidence is even more warranted in this case than in *Guardians*. The Parties here have stipulated that review of Plaintiffs' NEPA claims is limited to the administrative record. ECF23 at 3. This Court should not allow proposed amicus curiae—who is closely aligned with the Forest Service—to evade the Parties' stipulation. If non-party amicus curiae generally are barred from even submitting a motion to supplement the record, *see Guardians*, 370 F. Supp. 3d 1228, it would be illogical to allow an amicus curiae to submit extra-record evidence where the Parties have expressly stipulated against it.[8]

B. **The Declaration and Accompanying Exhibit Constitute Impermissible Extra-Record Evidence.**

Even if this Court does not find the Parties' stipulation controlling, proposed amicus curiae's extra-record filings still must be rejected because they cannot be squared with the record-review rule.

It is a bedrock principle of administrative law that "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Mtr. Vehicle Mfrs. Ass'n v St. Farm Mut.*

---

[8] Plaintiffs recognize that amicus curiae Nez Perce Tribe submitted a declaration along with the Tribe's brief, which supports Plaintiffs' claim under NFMA that the Forest Service failed to hold the required pre-decisional administrative objection process. *See* ECF53 (*Declaration of Shannon Wheeler*).

Any attempt to associate the Tribe's declaration with Professor Johnston's submissions would be to assert a false equivalence. The Wheeler declaration is offered to provide context about the Tribe and Forest Service's government-to-government consultation and Tribe's role as a "cooperative agency," all of which occurred during the administrative process, *i.e.* pre-decision. It is simply a recitation of the timeline and substance of the Tribe's participation in the Screens Amendment process.

On the other hand, proposed amicus curiae's impermissibly uses *post*-decisional opinion testimony and journal articles to critique Plaintiffs' arguments and bolster the agency's decision. *See Tri-Valley Cares*, 671 F.3d at 1130–31 (post-decisional information is inadmissible); *Locke*, 776 F.3d at 993 (consideration of evidence "to determine the correctness or wisdom of the agency's decision * * * is never permitted).

*Auto. Ins. Co.* ("*State Farm*"), 463 U.S. 29, 50 (1983); *Anaheim Mem'l Hosp. v. Shalala*, 130 F.3d 845, 849 (9th Cir. 1997) ("[A]n agency's decision can be upheld only on the basis of the reasoning in that decision."). Litigation proceedings simply are not the proper forum for introducing new evidence to support an agency's decision. *See Fl. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

Based on Supreme Court precedent, courts have vigilantly enforced this standard by limiting review to the administrative record, "not some new record made initially in the reviewing court." *Camp*, 411 U.S. at 142; *Sw. Ctr. for Biological Diversity*, 100 F.3d at 1451–52 (holding that district court did not abuse its discretion in striking post-decisional letter and extra record maps and declarations). While the Ninth Circuit has carved out exceptions to the record-review rule, *see Lands Council*, 395 F.3d at 1030, those exceptions apply only in limited circumstances not applicable here.

First, the Ninth Circuit has erected a "post-decision" bar to block extra-record evidence. That is, the "*Lands Council* exceptions to the normal rule regarding consideration of extra-record materials only apply to information available at the time, not post-decisional information." *Guardians*, 370 F. Supp. 3d at 1227 (citing *Tri-Valley CAREs*, 671 F.3d at 1130). The Johnston declaration, letter to the Court, and three journal articles all post-date the Screens Amendment

decision. They are thus impermissible. *See id.*; *see also Tri-Valley CAREs*, 671 F.3d at 1130 (holding that district court did not abuse its discretion in striking post-decisional report).

Second, extra-record materials are never permitted to "determine the correctness or wisdom of the agency's decision." *Locke*, 776 F.3d at 993. Advancing post-decision information as a new rationale for sustaining an agency's decision is not allowed because "it inevitably leads the reviewing court to substitute its judgment for that of the agency. *Ctr. for Biological Diversity*, 450 F.3d at 943. Yet that is precisely the purpose of Professor Johnston's submissions: they are offered to convince this Court that no scientific controversy exists, such that the agency's decision not to prepare an EIS was permissible under NEPA. When reviewing this claim, however, this Court is limited to the NEPA documents—that "is where the [agency's] defense of its position must be found." *Or. Nat. Desert Ass'n v. Rose*, 921 F.3d 1185, 1991 (9th Cir. 2019). Professor Johnston asks this Court to instead consider opinion testimony and post-decisional studies to resolve the EIS claim. Extra-record materials offered for this purpose are not permitted. *See Locke*, 776 F.3d at 993.

Third, for similar reasons, the *Lands Council* exceptions in most circumstances only are available to *plaintiffs*. *See Ariz. Cattle Growers Ass'n v. U.S. Fish and Wildlife Serv.*, 273 F.3d 1229, 1245 (9th Cir. 2001) (warning that admission of an agency's extra-record evidence would "allow the [agency] to produce far reaching and unsupported [decisions] knowing that it could search for evidentiary support if the [decision] was later challenged"). Indeed, allowing agencies to submit new evidence under *Lands Council* conflicts with the applicable standard of review. Under the APA "the function of the district court is to determine whether or not as a matter of law the evidence *in the administrative record* permitted the agency to make the decision it did."

OPP. TO JOHNSTON AMICUS - 12

*Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) (emphasis added). Thus, "[i]f the reviewing court cannot find substantial evidence in the record, it should not compensate for the agency's dereliction by undertaking its own inquiry into the merits, but should remand to the agency for further proceedings." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 603 (9th Cir. 2014). These same principles should apply to an amicus curiae supporting the agency's decision, especially one who, as here, was a paid consultant of the agency during the administrative process. Indeed, if the deliberative privilege process applies to Professor Johnston's work during the administrative process, Professor Johnson's post-decisional submissions are those of an agency proxy. Despite claims that the submissions are submitted in his "personal capacity," Professor Johnston's work is too intermingled to be considered "independent." If the agency would be barred from submitting the materials, so too should Professor Johnston.

In addition to these substantive grounds for striking the extra-record evidence, there are practical considerations at play. Namely, this Court should be mindful of the "slippery slope" problem that would be created by admission of this extra-record evidence. Consideration of Professor Johnston's submissions would be patently unfair unless Plaintiffs were afforded the opportunity to submit extra-record evidence in response—including materials from scientists to "tell the other side of the story." But the Ninth Circuit has explicitly rejected this post-decisional back-and-forth among experts outside the confines of the administrative record. *See Locke*, 776 F.3d at 991–93 (finding that district court went beyond the *Lands Council* exceptions when the district court relied on extra-record evidence and substituted the analysis in those declarations for that provided by the agency); *Jewell*, 747 F.3d at 602–04 (reproving district court for creating a

OPP. TO JOHNSTON AMICUS - 13

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

"battle of the experts" by, *inter alia*, admitting a number of expert declarations by the parties, which gave the appearance of an open administrative record). Since *Locke* and *Jewell*, district courts have wisely avoided this quagmire. *See, e.g.*, *Bark v. Northrop*, No. 3:13-cv-00828-AA, 2016 U.S. Dist. LEXIS 39284, at *36 n.9 (D. Or. Mar. 25, 2016) (striking plaintiffs' extra-record declarations because they did not fit within any exceptions and then denying plaintiffs' motion to strike defendants' rebuttal declarations as moot).

The Johnston declaration and supporting exhibits are extra-record and post-decisional and are offered—improperly—to support and post-hoc rationalize the agency's decision. This tactic—especially because the extra-record materials are submitted by a non-party—runs afoul of the record-review rule and should be rejected.

**III.     Professor Johnston's Amicus Brief and Declaration are Duplicative and Unhelpful.**

The balance of Professor Johnston's submissions that are not extra-record (*i.e.*, not post-decisional opinion testimony or studies) is quite limited; to the extent that any of his arguments are record-based, they are merely duplicative of Federal Defendants' positions, or patently inaccurate. *Compare, e.g.*, Fed Defs. Br at 33–34, ECF56 (describing FVS model as "regularly used" to support effects analysis) *with* Letter, ECF58 at 13–14 (describing FVS as "tool of choice" and "a reasonable basis" for estimating effects but not providing any new information or expertise regarding this model); *see also* ECF 57-1 at 2 (calling the new guideline a "rule," which it is indisputably not). This is not an appropriate role for an amicus curiae. *See Ryan*, 125 F.3d at 1063 (explaining that amicus curiae briefs that "merely extend[] the length of the litigant's brief should not be allowed); *see also Vanda Pharm., Inc. v. FDA*, 436 F. Supp. 3d 256,

OPP. TO JOHNSTON AMICUS - 14

Crag Law Center
3141 E Burnside St.
Portland, OR 97214
Tel. (503) 227-2725

277 (D.D.C. 2020) (denying amicus motion where arguments were either "impermissible [as extra-record evidence] or duplicative.").

Ultimately, Professor Johnston's letter to the court merely expresses his opinion about one issue in this lawsuit, encloses his chosen extra-record evidence, and declares who he (unsurprisingly) believes should prevail. But wishing to tell the court how one feels about a particular claim in an APA case and repeating Defendants' arguments is simply not enough to gain admittance as an amicus curiae. *See Gabriel Techs. Corp. v. Qualcomm Inc.,* No. 08CV1992 AJB (MDD), 2012 U.S. Dist. LEXIS 33417, at *17 (S.D. Cal. Mar. 13, 2012) (finding proposed amicus brief from expert whose testimony unfairly supports party's arguments "unnecessary and unhelpful.").

## IV.   Conclusion

For all of the above reasons, the court should deny James Johnston's Motion for Leave to Appear as Amicus Curiae.

DATED this 21st day of February 2023.

CRAG LAW CENTER

_/s/ Meriel Darzen_

Meriel L. Darzen, OSB No. 113645,
(503) 525-2725 | meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436,
(503) 227-2212 | oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454
