Meriel L. Darzen, OSB No. 113645
(503) 525-2725 │ meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436
(503) 227-2212 │ oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, **OREGON WILD**, **CENTRAL OREGON LANDWATCH**, **SIERRA CLUB**, **GREAT OLD BROADS FOR WILDERNESS**, and **WILDEARTH GUARDIANS**,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his capacity as Regional Forester for Region 6; and the **UNITED STATES FOREST SERVICE**,<br><br>　　Defendants,<br><br>**AMERICAN FOREST RESOURCE COUNCIL**, and **EASTERN OREGON COUNTIES ASSOCIATION**,<br><br>　　Defendants-Intervenors. | Case No. 2:22-cv-00859-HL<br><br>**MOTION TO STRIKE** |

Plaintiffs Greater Hells Canyon Council, Oregon Wild, Central Oregon LandWatch, Sierra Club, Great Old Broads for Wilderness, and WildEarth Guardians ("Plaintiffs") hereby submit their *Motion to Strike* pursuant to this Court's Order of March 7, 2023, ECF65. Plaintiffs respectfully request that this Court strike Section V.B.3.a of Defendants-Intervenors' Cross-Motion for Summary Judgement and Response to Plaintiffs' Motion for Summary Judgment, pages 27–28 (ECF62). Pursuant to Local Rule 7-1, the undersigned certifies that the Parties conferred via telephone and email but were unable to resolve this dispute.

## MEMORANDUM IN SUPPORT

Plaintiffs move to strike a section of Defendants-Intervenors' summary judgement brief that relies exclusively on extra-record materials in support of their argument in response to Plaintiffs' NEPA claims. Specifically, Section V.B.3.a of the brief relies on three post-decisional journal articles and a post-decisional news article.

This Court is familiar with the present dispute and Plaintiffs wish to avoid duplicative briefing and needlessly expend judicial resources. Accordingly, Plaintiffs hereby incorporate by reference their *Response in Opposition to James Johnston's Motion to File Amicus Brief*, ECF60, which further articulates the governing legal standards and presents argument as to why the APA's record-review rule bars such post-decisional, extra-record materials. In summary, "[a] court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). Post-decision information "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (citation omitted). Not only have Defendants-Intervenors violated the

MOTION TO STRIKE - 1

record-review rule, they have contravened the stipulation that review of Plaintiffs' NEPA claims is limited to the administrative record, ECF23 at 3.

Plaintiffs were forced to file this separate motion to strike because *after* this Court specifically directed proposed amicus to brief the propriety of these extra-record materials in the context of the motion for leave to file an amicus brief, *see* ECF59; Email from Courtroom Deputy to Parties, February 14, 2023, Defendants-Intervenors filed their brief simply citing and relying on the same extra-record materials.[1] *Contra Locke*, 776 F.3d at 993 (the party seeking admission of the extra-record material "*initially* bears the burden of demonstrating that a relevant exception applies") (emphasis added). Just like proposed amicus, Defendants-Intervenors did not follow the standard procedure of filing a motion to supplement the administrative record, nor did they provide this Court with any other basis by which it may review the materials without violating the record-review rule. This tactic prejudicially shifted the burden to Plaintiffs to police the record-review rule, despite the parties' existing stipulation and it being Defendants-Intervenors' burden to demonstrate that a relevant exception applies. *Id.*

Rather than simply guess at the legal authority on which Defendants-Intervenors plan to rely in support of their extra-record submissions, Plaintiffs in this motion will rest on their general arguments presented in their amicus response, ECF60, and will provide specific rebuttal to Defendants-Intervenors' arguments on reply.

DATED this 9th day of March, 2023.

///

---

[1] Defendant-Intervenors alone cited the post-decisional news article.

MOTION TO STRIKE - 2

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

Respectfully submitted,

CRAG LAW CENTER

_____
Meriel L. Darzen, OSB No. 113645,
(503) 525-2725 │ meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436,
(503) 227-2212 │ oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

MOTION TO STRIKE - 3