TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

HAYLEY A. CARPENTER, CA Bar # 312611
TYLER M. ALEXANDER, CA Bar # 313188
ANTHONY D. ORTIZ, DC Bar # 978873
Trial Attorneys
Natural Resources Section
Wildlife & Marine Resources Section
150 M St. NE
Washington, D.C. 20002
Phone:  (202) 305-0242 (Carpenter)
        (202) 305-0238 (Alexander)
        (202) 307-1147 (Ortiz)
hayley.carpenter@usdoj.gov
tyler.alexander@usdoj.gov
anthony.d.ortiz@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, an Oregon non-profit corporation; **OREGON WILD**, an Oregon non-profit corporation; **CENTRAL OREGON LANDWATCH**, an Oregon non-profit corporation; **SIERRA CLUB**, a California non-profit corporation; **GREAT OLD BROADS FOR WILDERNESS**, a Montana non-profit corporation; and **WILDEARTH GUARDIANS**, a New Mexico non-profit corporation,<br><br>    Plaintiffs, | Case No. 2:22-CV-00859-HL<br><br>**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE** |

v.

**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his official capacity as Regional Forester for Region 6; and the **UNITED STATES FOREST SERVICE**,

    Federal Defendants,

    And

**AMERICAN FOREST RESOURCE COUNCIL; EASTERN OREGON COUNTIES ASSOCIATION**,

    Defendant-Intervenors.

*Greater Hells Canyon Council, et al. v. Wilkes, et al.*
2:22-CV-00859-HL
Fed. Defs.' Resp. to Mot. to Strike      2

After review, Federal Defendants take no position on Plaintiffs' Motion to Strike. The administrative record as lodged is more than sufficient for judicial review of Plaintiffs' claims; the Environmental Assessment and Decision Notice explain why there is no scientific controversy regarding the Eastside Screens Amendment. So there is no need to consider post-decisional documents. But if the Court finds Dr. Johnston's participation useful, the Court has broad discretion to consider his submission.

Plaintiffs' claims are reviewable—if at all—under the APA, 5 U.S.C. § 706. The APA limits judicial review to the agency's administrative record. *Id.*; *accord Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (internal citation omitted)); *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (same). The record contains "all documents and materials directly or indirectly considered by agency decision-makers," no matter if those materials support or detract from the reasonableness of the decision at issue. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation and emphasis omitted). Neither the parties nor the amici challenge the completeness of the record.

On APA review, Courts may not "consider[] extra-record evidence to determine the correctness . . . [or] wisdom of the agency's decision." *Nw. Envtl. Advocs. v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006) (quotation marks and citation omitted); *see also Friends of Rapid River v. Probert*, 427 F. Supp. 3d 1239, 1264 (D. Idaho 2019), *aff'd in relevant part*, 816 F. App'x 59 (9th Cir. 2020) (striking a declaration submitted by plaintiffs because it represented "opinions and interpretations of requirements within [a] Forest Plan,"

*Greater Hells Canyon Council, et al. v. Wilkes, et al.*
2:22-CV-00859-HL
Fed. Defs.' Resp. to Mot. to Strike                                                                                      3

which "suggest[ed] what the [agency] should have done in this case"). This strict record review rule yields to only four narrow exceptions:

> (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, [] (3) when supplementing the record is necessary to explain technical terms or complex subject matter, [or] . . . (4) when plaintiffs make a showing of agency bad faith.

*Ctr. For Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (quotation marks and citations omitted); *accord Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("[W]ith some narrow exceptions, neither we nor the district court may consider any other evidence.").

These exceptions are "narrowly construed and applied," *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005), lest they swallow the rule. *See, e.g.*, *Ctr. for Biological Diversity*, 450 F.3d at 943 ("We normally refuse to consider evidence that was not before the agency because it inevitably leads the reviewing court to substitute its judgment for that of the agency.") (quotation marks and citations omitted); *Airport Communities Coal. v. Graves*, 280 F. Supp. 2d 1207, 1213 (W.D. Wash. 2003) (The consideration of "new information represents 'Monday morning quarterbacking.' If the court were to consider this new information in an [APA] analysis, the court would effectively transform that analysis into de novo review, a level of review for which this court is not authorized"). And these narrow exceptions do not allow the use of post-decisional materials to advance "a new rationalization either for sustaining or attacking an agency's decision." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130-31 (9th Cir. 2012) (quoting *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006)).

*Greater Hells Canyon Council, et al. v. Wilkes, et al.*
2:22-CV-00859-HL
Fed. Defs.' Resp. to Mot. to Strike                                                                                          4

A party invoking an exception to the record review rule must first show the administrative record is inadequate to effectively review the challenged action. *See Nw. Env't Advocs. v. U.S. Fish & Wildlife Serv.*, No. 3:18-CV-01420-AC, 2019 WL 6977406, at *8 (D. Or. Dec. 20, 2019) (compiling Ninth Circuit authorities). The party must also establish with particularity that the extra-record evidence they proffer falls within one of the four narrow exceptions. *See Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (Plaintiffs bear a "heavy burden to show that the additional materials sought are necessary to adequately review the [agency's] decision."). When a party fails to carry that burden, and improper extra-record materials are cited in a brief, those references and arguments should not be considered. *Rybachek v. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (granting motion to strike portions of petitioners' brief that relied on extra-record materials).

At the March 6, 2023 status conference, the parties and Dr. Johnston disclaimed any intent to supplement the record with post-decisional materials. Instead, the discussion focused on possible permissible uses of post-decisional materials other than to assess the reasonableness of the agency's decision. Federal Defendants agree with the Court that some of those potential uses are premature at this stage. So as discussed belove, the Court may want to defer resolution of the motion to appear and motion to strike until the Court has the benefit of summary judgment briefing. *See infra* at 6. Indeed, Federal Defendants believe the challenged decision is adequately explained in the administrative record and no outside materials are necessary to understand the decision or the agency's reasoning.

Because Dr. Johnston seeks to participate as an amicus, this Court has broad discretion to consider his submission so long as "his participation is useful or otherwise desirable to the court" and his briefing is "limited to the issues raised by the parties." *California v. U.S. Dep't of the*

*Greater Hells Canyon Council, et al. v. Wilkes, et al.*
2:22-CV-00859-HL
Fed. Defs.' Resp. to Mot. to Strike                                                                                                   5

*Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citations omitted); *cf. id.* (granting motion to appear as amicus over opposition that the brief "contain[ed] extra-record citations, raise[d] new issues, and add[ed] nothing new" because "the brief [was] useful in that it amplifie[d] a number of points raised in parties' papers."). But even then, the agency's decision must stand on its own and "post-decision information 'may not be advanced as a new rationalization . . . for attacking an agency's decision.'" *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 944 (9th Cir. 2006) (alteration in original) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).

At this juncture in the proceedings, the Court may find that the interests of judicial economy and reaching a timely resolution of this case favor setting these issues aside temporarily to focus on the summary judgment briefing and the administrative record. If the Court finds that no additional materials are necessary to understand and evaluate the Forest Service's decision, the Court can rule on the merits and deny both motions as moot. On the other hand, if after the close of summary judgment briefing the Court finds that it needs additional help understanding the record or the agency's reasoning, it can then turn to the materials submitted with Dr. Johnston's brief, order supplemental briefing, or request agency declarations to "illuminate" the agency's reasoning. *See Consumer Fed'n of Am. v. Dep't of Health & Human Servs.*, 83 F.3d 1497, 1507 (D.C. Cir. 1996) ("[T]his court has on occasion flexed the 'record requirement' to allow the admission of agency declarations that 'merely illuminate reasons obscured but implicit in the administrative record.'") (quoting *Clifford v. Pena*, 77 F.3d 1414, 1418 (D.C. Cir. 1996)). Federal Defendants do not believe this latter path will be necessary, however, because the Forest Service's decision is well-supported by the administrative record before the Court.

*Greater Hells Canyon Council, et al. v. Wilkes, et al.*
2:22-CV-00859-HL
Fed. Defs.' Resp. to Mot. to Strike                                                                                               6

Submitted this 22nd day of March, 2023,

                                                    s/ *Tyler M. Alexander*
                                                  HAYLEY A. CARPENTER
                                                  TYLER M. ALEXANDER
                                                  ANTHONY D. ORTIZ
                                                  Trial Attorneys
                                                  Natural Resources Section
                                                  Wildlife & Marine Resources Section
                                                  150 M St. NE
                                                  Washington, D.C. 20002
                                                  Phone: (202) 305-0242 (Carpenter)
                                                  (202) 305-0238 (Alexander)
                                                  (202) 307-1147 (Ortiz)
                                                  hayley.carpenter@usdoj.gov
                                                  tyler.alexander@usdoj.gov
                                                  anthony.d.ortiz@usdoj.gov

                                                  *Counsel for Federal Defendants*

*Greater Hells Canyon Council, et al. v. Wilkes, et al.*
2:22-CV-00859-HL
Fed. Defs.' Resp. to Mot. to Strike                                                                                         7