Caroline Lobdell (OSB #021236)
Aaron Bruner (OSB #133113)
WESTERN RESOURCES LEGAL CENTER
9220 SW Barbur Blvd., Suite 119-327
Portland, Oregon 97219
Email: clobdell@wrlegal.org
Email: abruner@wrlegal.org
Phone: (503) 768-8500

*Counsel for Defendant-Intervenors*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL, OREGON WILD, CENTRAL OREGON LANDWATCH, SIERRA CLUB, GREAT OLD BROADS FOR WILDERNESS**, and **WILDEARTH GUARDIANS**,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his official capacity as Regional Forester for Region 6; and the **UNITED STATES FOREST SERVICE**,<br><br>　　　　Defendants,<br><br>**AMERICAN FOREST RESOURCE COUNCIL**, an Oregon non-profit association, and **EASTERN OREGON COUNTIES ASSOCIATION**, an unincorporated association,<br><br>　　　　Defendant-Intervenors. | Civil No. 2:22-cv-00859-HL<br><br>**DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO [ECF NO. 68] PLAINTIFFS' MOTION TO STRIKE** |

## INTRODUCTION

Defendant-Intervenors American Forest Resource Council and Eastern Oregon Counties Association hereby respond to Plaintiffs' Motion to Strike, ECF No. 68. The subject of this motion primarily concerns references made by Defendant-Intervenors in their cross-motion for summary judgment to three scientific journal articles filed with this Court by Proposed Amicus Curiae James Johnston. *See generally* ECF No. 58. Defendant-Intervenors pointed the Court to relevant portions of the three journal articles, along with a newspaper article, given their relevance to the question of whether the effects of the Eastside Screens Amendment are "highly controversial" within the meaning of the National Environmental Policy Act, an issue that is central to this case. ECF No. 62 at 27-29.

Neither Proposed Amicus Curiae nor Defendant-Intervenors have moved to supplement the record with these materials, as they are not necessary to adequately support the Forest Service's decision in this case. However, the Court is free to review the materials given they are publicly available and may assist the Court in determining whether Plaintiffs' allegations of controversy are accurate. Proposed Amicus Curiae have already provided authority for including such materials to assist the Court in helping explain complex technical or scientific subjects. *E.g.*, *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, CV 01-640RE, 2005 WL 878602, at *1 (D. Or. Apr. 8, 2005) (citing *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)); *see also Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020); ECF No. 63, at 4-7. To the extent the Court wishes to rely on the studies, the Court may take judicial notice of any facts therein which are not subject to reasonable dispute and which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence ("FRE") 201(b).

Should the Court disagree that the materials or parts of them are subject to judicial notice, the Court may simply disregard the studies at the merits stage. Plaintiffs have cited no binding authority or precedent requiring the Court to strike the materials from the Court's docket or to require Defendant-Intervenors to edit and refile their brief, as Plaintiffs request.

## LEGAL BACKGROUND

### I.     Motions to Strike.

Federal Rule of Civil Procedure 12(f) provides that a Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion is to avoid the expenditure of time and money from litigating "spurious" issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). However, motions to strike are strongly disfavored and infrequently granted. *E.g.*, *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); s*ee also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F.Supp.3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)); *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (Easterbrook, J.). Otherwise, both the parties and the Court risk expenditure of time (and money) that may be "nothing but busywork for the both the judge and litigants." *Custom Vehicles*, 464 F.3d at 727-28.

Oregon's Local Rules of Civil Procedure provide that such evidentiary objections should be dealt with as part of briefing on motions for summary judgment. LR 56-1 ("Rather than filing a motion to strike, a party must assert any evidentiary objections in its response or reply memorandum."). Although Plaintiffs state they were "forced" to file this separate motion under

Rule 12(f), ECF No. 68 at 2, it was Plaintiffs who insisted on proceeding in this manner, rather than the procedure outlined in Oregon's Local Rules. Far from conserving judicial resources or removing "scandalous" matters from the pleadings as envisioned by Rule 12(f), this extra briefing constitutes a request for the Court to spend time *editing* Defendant-Intervenors' brief, a practice which "does nothing but squander time." *Custom Vehicles, Inc.*, 464 F.3d at 727.

## II.     Record Review Cases Under the APA.

"In general, a court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). This is to ensure that the reviewing court affords the agency sufficient deference. *Id.* Under the APA, an agency has substantial discretion "to rely on the reasonable opinions of its own qualified experts even if, as an original matter, a court might find contrary views more persuasive." *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989). A reviewing court may not perform a *de novo* review of the agency's action and must "limit[] itself to the deferential procedural review that the APA's arbitrary or capricious standard permits." *Id.*

The parties all agree that courts generally limit review in typical APA cases to evidence contained within the administrative record, with certain widely recognized exceptions. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Often referred to as the *Lands Council* exceptions, the circumstances where Courts will consider extra-record materials include instances where:

> (1) it is necessary to determine whether the agency has considered all relevant factors and explained its decision, (2) the agency has relied on documents not in the record, (3) supplementing the record is necessary to explain technical terms or complex subject matter, or (4) plaintiffs make a showing of bad faith.

*City of Las Vegas v. F.A.A.*, 570 F.3d 1109, 1116 (9th Cir. 2009). These exceptions are typically "narrowly construed and applied" to ensure that they do not undermine the general rule limiting review to the administrative record. *Lands Council*, 395 F.3d at 1030.

Intervenors acknowledge that in the absence of an exception, typically "consideration of extra-record evidence to determine the correctness . . . [or] wisdom of the agency's decision is not permitted." *Nw. Env'tl Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006) (citations omitted). Despite this general proposition, there are other exceptions. Plaintiffs may submit declarations for the limited purpose of establishing standing. *Nw. Env'tl Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527 (9th Cir. 1997). Intervenors also regularly submit declarations that articulate their interest(s) in a particular case, as have amici curiae. *E.g.*, *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, CV 01-640RE, 2005 WL 878602, at *4-*6 (permitting amicus declaration). *See also League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, No. 3:12-CV-02271-HZ, 2014 WL 12792263, at *5 (D. Or. Aug. 7, 2014) (citing to intervenors' expert declaration in analysis on preliminary injunction). Judicial notice under FRE 201 provides an additional avenue for the Court to consider extra-record materials.

### III. Judicial Notice Under FRE 201.

The Court has inherent discretion and authority to take judicial notice of adjudicative facts under FRE 201. Rule 201 permits federal courts to take judicial notice of facts not subject to reasonable dispute—i.e., facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). *See also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may

take judicial notice of a record of a state agency not subject to reasonable dispute."); *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015) ("We may take judicial notice of official information posted on a governmental website, the accuracy of which is undisputed." (citations omitted)); *Oregon Natural Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1113 n.14 (9th Cir. 2010) (taking judicial notice of and considering "public documents" outside the record under Rule 201). Moreover, courts "may take judicial notice at any stage of the proceeding." FRE 201(d).

In cases where the scope of review is governed by the APA, some district courts have found that judicial notice is appropriate only where such evidence meets one of the exceptions identified in *Lands Council*, 395 F.3d at 1030. *E.g.*, *Friends of the Clearwater*, 523 F. Supp. 3d at 1222 n.4 (citing *Bear Valley Mut. Water Co. v. Jewell*, 790 F.3d 977, 986 n.2 (9th Cir. 2015); *All. For Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019). However, the Ninth Circuit does not appear to have definitively ruled on this issue. Generally speaking, cases involving requests to take judicial notice are highly fact-specific and it is largely a matter of the court's discretion as to whether it will take judicial notice in a particular instance.

Public records and government documents are generally considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus*, 194 F.3d, 737, 745 (6th Cir. 1999). This includes public records and government documents available from reliable sources on the Internet. *See, e.g., Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002) (taking judicial notice of stock prices posted on a website); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration).

A number of courts have taken judicial notice of newspaper or journal articles as public documents. *E.g.*, *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 973 (W.D. Mich. 2003) (taking notice of newspaper article, and other sources of information, in qui tam action against vaccine manufacturer under False Claims Act (FCA), because the "source of information is not subject to reasonable dispute"), *affirmed* 388 F.3d 209, *cert. denied*, 544 U.S. 949; *Friends of the Clearwater*, 523 F. Supp. 3d at 1225 (taking notice of newspaper articles regarding the presence of grizzly bears "to indicate what was in the public realm at that time").

Where the facts may be subject to dispute, the Court may also take judicial notice of documents for a limited purpose, such as to prove their existence and contents, but not necessarily for the truth of the matters asserted therein. *Coal. for a Sustainable Delta v. Fed. Emergency Mgmt. Agency*, 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2011); *accord Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 848 n.1 (9th Cir. 2019); *Ctr. for Env'tl Law & Policy v. U.S. Bureau of Reclamation*, 655 F.3d 1000, 1011 n.5 (9th Cir. 2011); *Dent v. Holder*, 627 F.3d 365, 371-72 (9th Cir. 2010).

## ARGUMENT

Plaintiffs contend that there is a "significant" degree of controversy in the scientific field over various aspects of the Eastside Screens Amendment. Pls.' Cross Mot. Sum. J. at 27-32. As a result, they argue, the Forest Service should have undertaken more extensive environmental analysis. *Id.* As Intervenors noted in their initial brief, this contention is vague and there is scant scientific evidence supporting it in the record. ECF No. 62 at 21-29. Nevertheless, if the Court is inclined to take Plaintiffs' allegations at face value, the newspaper and journal articles cited by Intervenors constitute additional sources of publicly available information for the Court's perusal

on the question of whether there is a high degree of scientific controversy regarding the effects of the Eastside Screens Amendment.

Intervenors agree that unless the Court chooses to take notice under Rule 201 or otherwise allows an exception, the Court should not rely on its "consideration of extra-record evidence to determine the correctness . . . [or] wisdom of the agency's decision." *Nw. Env'tl Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006) (citations omitted). However, Plaintiffs have identified no authority or precedent that would preclude the Court from reviewing publicly available studies or newspaper articles as a general matter. The Court may properly take judicial notice of such materials under Rule 201 to establish facts that are "undisputed."

Both websites and newspapers have regularly been the subject of judicial notice under FRE 201. *E.g.*, *U.S. ex rel. Dingle*, 270 F. Supp. 2d at 973 (taking notice of newspaper article, and other sources of information, in qui tam action against vaccine manufacturer under False Claims Act, because the "source of information is not subject to reasonable dispute"), *affirmed* 388 F.3d 209, *cert. denied*, 544 U.S. 949; *Friends of the Clearwater*, 523 F. Supp. 3d at 1225 (taking notice of newspaper articles regarding the presence of grizzly bears "to indicate what was in the public realm at that time").

Here, the journal articles and newspaper article are likewise not subject to reasonable dispute. First, the journal articles, like newspapers or other trusted online sources of information, are readily available to the public online or in print format and their contents are not subject to dispute. The journal articles here are invited reviews published in the journal *Ecological Applications* and submitted by Proposed Amicus Dr. James Johnston, in part to demonstrate the party's interest in the case as part of its Motion to Intervene. Given their submission to the Court

DEF.-INTVS.' RESP. OPPOS. MOT. TO STRIKE – Page 7

and obvious relevance, Intervenors cited to the journal articles via ECF No. and page citations.[1] Second, the materials represent the scientific consensus view that more active forest management is needed to combat unnaturally overstocked conditions. Third, although the materials post-date the Eastside Screens Amendment decision, they characterize science that already existed at the time of the decision, including studies that are part of the administrative record in this case. *See* ECF No. 63 at 6. Thus, despite their post-decisional nature, the materials are arguably relevant and helpful in assessing whether scientific controversy existed at the time of the Forest Service's decision. The Court may, in its discretion, take judicial notice of these materials for the purpose of recognizing that no meaningful controversy exists regarding the effects of the agency's decision.

Assuming, *arguendo*, that the Court declines to consider the materials as a whole for purposes of judicial notice under Rule 201, the Court could nevertheless rely on the newspaper and journal articles to support limited, general propositions. *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 848 n.1. For example, the articles support the propositions that: (1) more active forest management is necessary to combat overstocked conditions; (2) Plaintiffs' views on whether overstocked conditions and high severity fires are a departure from historic conditions mischaracterize the science; and (3) the group of scientists, led by Dr. James Johnston, believes there is "no meaningful controversy," but rather broad scientific consensus, on these issues and

---

[1] The newspaper and journal articles cited by Intervenors are as follows: R. Sabalow & D. Kasler, *Self-serving garbage: wildfire experts escalate fight over saving California forests*, SACRAMENTO BEE (Oct. 17, 2021); R. K. Hagmann, *Evidence for widespread changes in the structure, composition, and fire regimes of western North American forests*, ECOLOGICAL APPLICATIONS 31(8) (2021); S. Prichard, et al., *Adapting western North American forests to climate change and wildfires: 10 common questions*, at 8, ECOLOGICAL APPLICATIONS 31(8) (2021); P. Hessburg, et al., *Wildfire and climate change adaptation of western North American forests: a case for intentional management*, ECOLOGICAL APPLICATIONS 31(8) (2021).

DEF.-INTVS.' RESP. OPPOS. MOT. TO STRIKE – Page 8

the beneficial effects of the Eastside Screens Amendment as reflected in their amicus brief and the related journal articles. *See, e.g.*, ECF No. 58 at 7-9.

In sum, the Court need not rely on any evidence beyond that contained in the record in order to uphold the Forest Service's decision as reasonable. However, the Court may appropriately look to these publicly available sources of information and rely on them at the merits stage to the extent they contain facts not subject to reasonable dispute. Should the Court disagree that the facts presented are within the scope of FRE 201, the Court may simply decline to take judicial notice of these sources of information at this time. Even if the Court declines to take judicial notice of the materials now, there nevertheless may be non-merits purposes, such as consideration of remedy, for which reliance on the studies may be appropriate.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion to strike and, in its discretion, take judicial notice of the newspaper and journal articles to the extent consistent with FRE 201.

DATED: March 22, 2023

/s/ Aaron Bruner
Aaron Bruner (OSB #133113)
Caroline Lobdell (OSB #021236)
WESTERN RESOURCES LEGAL CENTER
9220 SW Barbur Blvd., Suite 119-327
Portland, Oregon 97219
Email: clobdell@wrlegal.org
Email: abruner@wrlegal.org
Phone: (503) 768-8500

## CERTIFICATE OF SERVICE

I, Aaron Bruner, hereby certify that, on March 22, 2023, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 22nd day of March, 2023.

/s/ Aaron Bruner
Aaron Bruner
