IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| GREATER HELLS CANYON COUNCIL, OREGON WILD, CENTRAL OREGON LANDWATCH, SIERRA CLUB, GREAT OLD BROADS FOR WILDERNESS, and WILDEARTH GUARDIANS, | Case No. 2:22-cv-00859-HL  **ORDER** |
| Plaintiffs, | |
| v. | |
| HOMER WILKES, in his official capacity as Undersecretary for Natural Resources and Environment; GLENN CASAMASSA, in his capacity as Regional Forester for Region 6; and the UNITED STATES FOREST SERVICE, | |
| Defendants, | |
| AMERICAN FOREST RESOURCE COUNCIL, and EASTERN OREGON COUNTIES ASSOCIATION, Defendants-Intervenors. | |
| Defendant-Intervenors. | |

PAGE 1 – ORDER

HALLMAN, United States Magistrate Judge:

This matter comes before the Court on Prof. James Johnston, Ph.D.'s ("Prof. Johnston") Motion for Leave to Participate as Amicus Curiae, ECF 57, and Plaintiffs, Greater Hells Canyon Council, Oregon Wild, Central Oregon LandWatch, Sierra Club, Great Old Broads for Wilderness, and WildEarth Guardians ("Plaintiffs"), Motion to Strike Section V.B.3.a of Defendants-Intervenors' American Forest Resource Council and Easter Oregon Counties Association ("Intervenors") Cross-Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment. ECF 62. Both motions pertain to Prof. Johnston's submission of an extra-record declaration addressing the alleged consensus regarding the scientific issues in this case. ECF 58. In addition, Plaintiffs have now submitted the extra-record Declaration of Dr. Beverly Law to refute Prof. Johnston's allegations. ECF 76.

For reasons set forth below, this Court concludes that Prof. Johnston's declaration—and the post-decisional scientific literature cited therein—are inadmissible in this record review case. Accordingly, this Court GRANTS Plaintiffs' Motion to Strike Section V.B.3.a of Intervenors Cross-Motion for Summary Judgment; *sua sponte* STRIKES the Declarations of Prof. Johnston and Dr. Beverly Law; and DENIES Prof. Johnson's Motion for Leave to Appear as Amicus Curiae, with leave to renew that motion through submission of a brief that does not rely on extra-record evidence.

**BACKGROUND**

Plaintiffs are challenging the United States Forest Service's Forest Plans Amendment to Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington. Compl. ¶ 1, ECF 1. Defendants published the Final Decision Notice approving the amendment on Jan. 12, 2021. AR 34785–86. Plaintiffs bring their claims under the

Administrative Procedure Act ("APA"). Compl. ¶ 6. On December 9, 2022, the parties stipulated that, with some exceptions not relevant here, the administrative record was complete and would not be supplemented further. Joint Stipulation on Admin. R., ECF 35.[1]

In part, Plaintiffs claim that the National Environmental Policy Act required Defendants to prepare an Environmental Impact Statement ("EIS") due to the "substantial scientific dispute" surrounding the decision. Compl. ¶ 190. They describe two scientific disputes: (1) the debate over what the forests historically looked like from a vegetation composition and fire severity standpoint, and; (2) the debate about whether cutting these large-diameter trees will move the forests toward this historical state and make them more resilient in the future. Pls.' Mot. Summ. J. 26, ECF 41.

After the parties' stipulation closing the record, Prof. Johnston, an Assistant Professor in the College of Forestry at Oregon State University, filed a motion to appear as amicus. Motion to Appear as Amicus Curiae ("Amicus Mot."), ECF 57. He also submitted a declaration with a letter addressed to the Court supporting his motion. Johnston Decl. Ex. A, ECF 58. Prof. Johnson's amicus brief and declaration argued that "there is no meaningful controversy among the scientific community with respect to changes to forests over time or the effects of common restoration actions." Johnston Decl. Ex A, at 1. Prof. Johnston cited scientific articles published after Defendants' Final Decision Notice to support his assertion. Johnston Decl. Ex. A, at 3–9. These articles are not in the record. Fourteen individuals signed onto Prof. Johnston's letter, including professors and researchers who authored some of the cited papers. Johnston Decl. Ex. A, at 2–3. While acknowledging that his position supported Defendants, Prof. Johnston

---

[1] Intervenors were not a party to this stipulation but did not object or otherwise file any motions pertaining to the administrative record.

PAGE 3 – ORDER

represented his interest as "ensuring that this Court is provided an accurate portrayal of the state of the science." Amicus Mot. 4.

The Court ordered Prof. Johnston to provide legal authority for his apparent extra-record evidence, and the parties agreed on a timeline to settle the issue. ECF 59. Plaintiffs accordingly filed an objection to Prof. Johnston's Amicus Motion, arguing that it cited extra-record evidence and that his interests were already represented by Defendants. Pls.' Resp. to Amicus Mot. ("Pls.' Resp."), ECF 60.

Pending resolution of this issue, Intervenors submitted their Cross-Motion for Summary Judgment. Ints.' Cross-Mot. Summ. J. ("Ints.' Mot."), ECF 62. They briefly noted that the record adequately addressed any potential scientific controversy. Ints.' Mot. 27. However, Intervenors went further and argued that "[m]ore recent scientific scholarship has only strengthened the consensus view that current conditions represent unnatural disturbance risks that must be corrected." Ints.' Mot. 27. This section of their brief supported that claim with the same articles cited by Prof. Johnston. Ints.' Mot. 27–29. It also directly referenced Prof. Johnston's amicus filings. Ints.' Mot. 28. Plaintiffs objected to Intervenors' extra-record references. Mot. Strike, ECF 68.[2]

After these filings, but before the Court ruled on the motions, Plaintiffs filed a declaration of Dr. Beverly Law, Professor Emeritus of Global Change Biology and Terrestrial Systems Science at Oregon State University. ECF 76. This declaration addressed the arguments raised by

---

[2] Federal Defendants adopted no position on the motion to strike or amicus motion. Defs.' Resp. to Mot. Strike, 3, ECF 71. However, they noted that "[t]he administrative record as lodged is more than sufficient for judicial review of Plaintiffs' claims; the Environmental Assessment and Decision Notice explain why there is no scientific controversy regarding the Eastside Screens Amendment. So there is no need to consider post decisional documents." Defs.' Resp. to Mot. Strike, 1.

PAGE 4 – ORDER

Prof. Johnston, and it too cited science not contained in the record. Law Decl., ECF 76. Plaintiffs submitted this declaration only as a rebuttal to Prof. Johnston's filing. Pls.' Resp. Mot. Summ. J. 4–5, ECF 75.

## DISCUSSION

The central issue with respect to these motions is whether this Court can consider the articles cited in Intervenors' brief and Prof. Johnson's declaration for *any* purpose. Intervenors argue that the Court can consider these articles through judicial notice under Federal Rule of Evidence 201. Ints.' Resp. in Opp'n. to Mot. Strike ("Ints.' Resp."), ECF 72. Meanwhile, Prof. Johnston argues that (1) these references help explain highly technical and complex issues, and (2) are not actually extra-record evidence. Johnston Reply, 4–7. For reasons set forth below, the Court rejects these arguments. The parties already stipulated that this claim would be based on the record set before these filings. No exception applies that would permit the Court to consider this extra-record evidence. Further, this extra-record evidence provides impermissible post-hoc rationalization for the Service's decision. Accordingly, this Court GRANTS Plaintiffs' Motion to Strike, *sua sponte* STRIKES the Declarations of Prof. Johnston and Dr. Law, and DENIES Prof. Johnson's Motion for Leave to Appear as Amicus Curiae, with leave to renew that motion through submission of a brief that does not rely on extra-record evidence.

///

///

///

PAGE 5 – ORDER

I.   **Plaintiffs' Motion to Strike**

   A.   **Legal standards**

On summary judgment, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).[3]

In APA cases, evidence not contained within the administrative record is generally inadmissible. *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) ("In general, a court reviewing agency action under the APA must limit its review to the administrative record"). The APA requires an arbitrary or capricious standard of review; courts may not substitute their judgment for that of the agency. *Id.* Considering evidence that was not before the agency requires the court to provide its own judgment of that evidence. *Id.* This effectively amounts to *de novo* review and exceeds the standard provided by the APA. *Id.*; *see Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.") (internal citation omitted). Evidence created after the administrative process was not before the agency. *WildEarth Guardians v. Jeffries,* 370 F. Supp. 3d 1208, 1228 (D. Or. 2019). Such post-decision information "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision." *Southwest Ctr. for Biological Diversity v. United States Forest Serv.,* 100 F.3d 1443, 1450 (9th Cir. 1996).

There are limited exceptions to the record review rule, which are narrowly applied. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). The only exception cited with respect to

---

[3] In this case, the standard from Fed. R. Civ. P.56(c)(2) applies. Intervenors cite Rule 12(f), but that rule deals with striking materials at the pleading stage. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

this motion allows extra-record evidence "when supplementing the record is necessary to explain technical terms or complex subject matter." *Id.* Any extra-record evidence supporting a party's argument on the merits must satisfy a *Lands Council* exception. *WildEarth Guardians,* 370 F. Supp. 3d at 1229. The party seeking admission of extra-record evidence initially bears the burden of showing that they qualify under one of those exceptions. *San Luis & Delta-Mendota Water Authority*, 776 F.3d at 993. These exceptions do not apply to post-decisional information when it provides a new rationalization for the agency's decision. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130–31 (9th Cir. 2012).

Under Federal Rule of Evidence 201, the court may judicially notice a fact that is not subject to reasonable dispute. Fed. R. Evid. 201. But In cases governed by the APA, extra-record evidence admitted through judicial notice still must meet one of the *Lands Council* exceptions. *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1222 n.4 (D. Idaho, 2021) (citing *Bear Valley Mut. Water Co. v. Jewell,* 790 F.3d 977, 986 n.2. (9th Cir. 2015) (denying judicial notice because "'judicial review of an agency action is [generally] limited to the administrative record on which the agency based the challenged decision'")**.**

**B.     Application**

Plaintiffs move to strike Intervenors' references to inadmissible extra-record evidence. Mot. Strike, 1.[4] Intervenors do not make a case for admitting the articles under a *Lands Council* exception. Ints.' Resp., 1. Instead, Intervenors argue that the Court should take Judicial Notice of the articles under Federal Rule of Evidence 201. Ints.' Resp. 4. The Court cannot do so. Judicial notice is not applicable unless an exception to the record-review rule applies. *See Bear Valley*

---

[4] The Court previously allowed Plaintiffs to file a separate motion to strike instead of raising the issue in its reply memorandum, as would ordinarily be required by LR 56-1(b). ECF 65.

PAGE 7 – ORDER

*Mut. Water Co.,* 790 F.3d at 986 n.2. In addition, post-decisional evidence cannot qualify for an exception allowing extra-record materials. *Tri-Valley CAREs,* 671 F.3d at 1131. The cited articles were published after Defendants' final decision and are therefore post-decisional evidence. As such, they do not qualify for a record-review exception and judicial notice does not apply.

In addition, Intervenors provide no argument for why a *Lands Council* exception applies. Ints.' Resp. 1. While this Court may, in appropriate cases, take judicial notice of scientific articles, in this case the articles post-date Defendants' decision, and the Court cannot take notice of this evidence because there was no way the agency could consider it when making their decision. *See San Luis & Delta-Mendota Water Authority*, 776 F.3d at 992. In addition, allowing Intervenors to cite this extra-record evidence would undermine the parties' expectations of the case and has already prompted Plaintiffs to respond with their own extra-record rebuttal. This is improper in a record review case. *See Arizona Cattle Growers' Ass'n v. U.S. Fish & Wildlife, Bureau of Land Mgmt*., 273 F.3d 1229, 1245 (9th Cir. 2001) ("[c]onsidering evidence outside the record would render the extraordinarily complex consultations process… meaningless").

For these reasons, this Court GRANTS Plaintiffs' Motion to Strike Portions of Intervenors' Brief.[5]

## II.   Prof. Johnson's and Dr. Law's declarations are inadmissible in this record review case and will be stricken.

Prof. Johnston argues that the Court can consider extra-record evidence submitted in his declaration for two reasons: first, impliedly invoking a *Lands Council* exception, he argues this

---

[5] Despite this ruling, Intervenors are not required to submit an amended brief. The Court and the parties will not consider the arguments set forth Section V.B.3.a of Intervenors Brief.

evidence helps explain complex or technical scientific issues. Johnston Reply, 4, 8. Second, he argues this evidence is admissible because it contains no post-decisional original research and merely summarizes and explains the science as it stood at the time of the agency's decision. Johnston Reply, 6. The Court disagrees with both arguments.

The articles contain impermissible post-decision extra-record evidence. As Prof. Johnston describes, they are "synthesis" articles that summarize the scholarship existing at their time of publication. Johnston Reply, 6. However, they then draw a new conclusion from that review.[6] These articles conclude that there is no real scientific dispute on management practices. Johnston Decl. Ex. A, at 13, 15. Rather than provide a pure catalog of the science, they examine the field and determine that there is no debate. Because they were not before the agency when they made their decision, these articles require the Court to provide its own judgment of their assertions. *See Tri-Valley CAREs*, 671 F.3d at 1130–31. The Court cannot do so because this exceeds its role in record review. *Id.*

---

[6] For example, to prove his argument that there is no meaningful or significant scientific controversy Prof. Johnston quotes Hagmann et al. 2021: "'[b]ased on the strength of evidence, there can be little doubt that the long-term deficit of abundant low-to-moderate-severity fire has contributed to modification of seasonally dry forested landscapes across western North America." Johnston Decl., 13. This article does not merely summarize the existing science at the time of decision, as Prof. Johnston claims, it summarizes the science *to make the new assertion* that there can be "little doubt" about how forests have changed. At the end of his letter, Prof. Johnston quotes Hessburg et al. 2021 that there are "decades of established science showing the efficacy of treatments that foster resilient forest structures and composition." Johnston Decl., 15. He also quotes Prichard et al. 2021, "a preponderance of evidence suggests that proactive management can prepare many landscapes for future wildfires." Johnston Decl., 15. These studies both reviewed the science in order to establish consensus on Defendants' chosen management practice.

PAGE 9 – ORDER

Even if these extra-record articles did not provide new rationalizations, Prof. Johnston also does not meet his burden of showing that a *Lands Council* exception applies.[7] He mentions an allowance for materials that assist the court by helping explain complex or technical scientific issues. Johnston Reply 4. Prof. Johnston misreads the exception; it requires that supplementing the record be "*necessary* to explain complex terms or technical subject matter." *Lands Council,* 395 F.3d at 1030 (emphasis added). Prof. Johnston has made no case for the necessity of this material. In contrast, Defendants note that "[t]he administrative record as lodged is more than sufficient for judicial review of Plaintiffs' claims." Defs.' Resp. to Mot. Strike, 3, ECF 71. As such, the Court concludes that Prof. Johnson's Extra-record declaration is inadmissible in this record review case.

Given the Court's conclusion that Prof. Johnston's declaration impermissibly relies on extra-record evidence, the Court strikes it *sua sponte*. Moreover, Dr. Law's declaration is submitted only as rebuttal evidence and would not otherwise be admissible, so this Court strikes it as well. *See* Fed. R. Civ. P. 56(c)(2). As stipulated, this Court's review is based on the record lodged Dec. 9, 2022. ECF 37. As such, both the declaration of Prof. Johnson and Dr. Johnson are STRICKEN.

### III.    Prof. Johnson's Motion to appear as amicus curie is denied without prejudice.

Plaintiffs raise three objections to Prof. Johnson's motion to appear as amicus curie: First Plaintiffs object to his submission of extra-record evidence. Second, Plaintiffs argue that Prof. Johnston may not submit an amicus brief because of his work for Defendants on this project.

---

[7] In addition, an amicus may not file extra-record material because amicus "do not have the prerogatives of a proper party… such as filing a motion to consider extra-record evidence." *WildEarth Guardians v. Jeffries,* 370 F.Supp.3d 1208, 1228 (D. Oregon 2019).

Third, Plaintiffs claim Prof. Johnston's brief is duplicative of Defendants' and Intervenors' arguments. Pls.' Resp. 1.

Because Prof. Johnson's amicus brief relies entirely on his inadmissible declaration, his Motion to Appear as Amicus Curiae is DENIED. However, this Court rejects Plaintiffs' second and third arguments, so Prof. Johnson's motion is denied without prejudice, allowing him to file an amicus brief based on the record.

There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae at the federal district court level. *Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore,* 449 F. Supp. 3d 549, 555 (D. Md. 2020). As such, district courts often look to Federal Rule of Appellate Procedure 29 for guidance. *Id.* Fed. R. App. P. 29(a)(2) provides that opposed amicus curiae may file a brief only by leave of the court. This is a low threshold, as "[t]he district court has broad discretion to appoint amicus curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. O'Connor*, 515 U.S. 472, (1995)). The "classic role of amicus curiae" is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

Plaintiffs argue that Prof. Johnston may not participate as amicus curiae because he reviewed draft NEPA documents as a consultant and therefore the Service already represents his interests. Pls.' Resp. 7. Prof. Johnston responds that he "consulted with members of the Forest Service's interdisciplinary team just as he has previously consulted with numerous other organizations" and that he shares his scientific opinion with the Court here in his personal

PAGE 11 – ORDER

capacity as "a neutral information broker interested in representing an accurate depiction of the relevant science." Johnston Reply 7.

Prof. Johnston's consultation on this project does not disqualify him from also representing his views on the science of forestry management. Prof. Johnston purports to represent those views, and the shared views of colleagues, as a neutral depiction of the science. Taken at face value, participation as amicus curiae from the scientific community "assist[s] in a case of general public interest." *Miller-Wohl Co.,* 694 F.2d at 204. It is in the public interest for experts to weigh in on issues relevant to their expertise. Prof. Johnston and associated signatories have a "unique perspective" as members of the forest management scientific community, and this perspective may help the Court beyond what the lawyers can provide. *Ryan v. Commodity Futures Trading Com'n.,* 125 F.3d 1062, 1063 (7th Cir. 1997) (citing *Miller-Wohl Co.,* 694 F.2d at 203). The Court will allow such an amicus filing.

Still, Prof. Johnston's argument must not duplicate that of Defendants. *See Ryan*, 125 F.3d at 1063 ("Amicus briefs that duplicate arguments made by litigants merely extend the length of the litigants' brief, and "such amicus briefs should not be allowed."). Prof. Johnson is therefore cautioned that should he choose to renew his Motion for Leave to Appear as Amicus Curiae, his record-based arguments should not merely echo those of Defendants or Intervenors.

///
///
///

## CONCLUSION

This Court GRANTS Plaintiffs' Motion to Strike portions of Intervenors Cross-Motion for Summary Judgment; *sua sponte* STRIKES the declarations of Prof. Johnston and Dr. Beverly Law; and DENIES Prof. Johnson's Motion to Appear as Amicus Curiae, with leave to renew that motion through submission of a brief that does not rely on extra-record evidence. Prof. Johnston's renewed motion for leave to appear as amicus curiae, if any, is to be filed by April 27, 2023.

IT IS SO ORDERED.

DATED this 20th Day of April, 2023.

_____
ANDREW HALLMAN
United States Magistrate Judge