Meriel L. Darzen, OSB No. 113645
(503) 525-2725 │ meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436
(503) 227-2212 │ oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorneys for All Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, **OREGON WILD**, **CENTRAL OREGON LANDWATCH**, **SIERRA CLUB**, **GREAT OLD BROADS FOR WILDERNESS**, and **WILDEARTH GUARDIANS**,<br><br>    Plaintiffs,<br><br>    v.<br><br>**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his capacity as Regional Forester for Region 6; and the **UNITED STATES FOREST SERVICE**,<br><br>    Defendants,<br><br>**AMERICAN FOREST RESOURCE COUNCIL**, and **EASTERN OREGON COUNTIES ASSOCIATION**,<br><br>    Defendants-Intervenors. | Case No. 2:22-cv-00859-HL<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs Greater Hells Canyon Council, Oregon Wild, Central Oregon LandWatch, Sierra Club, Great Old Broads for Wilderness, and WildEarth Guardians ("Plaintiffs") hereby submit this notice of supplemental authority and attached Exhibit 1: Findings and Recommendation, *Cascadia Wildlands v. Adcock*, No. 6:22-cv-1344-MK, ECF19 (April 21, 2023) ("*Cascadia v. Adcock* F&R").

In *Cascadia v. Adcock*, Plaintiffs brought procedural challenges under NEPA against a programmatic BLM decision relating to logging in Western Oregon. Federal Defendants moved to dismiss based on lack of Article III standing and ripeness. Judge Kasubhai recommended denial of the motion on both the standing and ripeness issues. On standing, he found that "there is no real possibility" that BLM will not pursue site-specific projects under the planning framework being challenged. *Cascadia v. Adcock* F&R at 10. He also noted that "Ninth Circuit standing doctrine has never required plaintiffs to show injury on a unit-by-unit basis." *Id.* at 9. Therefore, because "Plaintiffs have demonstrated that some of their members have regularly recreated in a distinct geographic area for decades, and that area is exactly where the BLM has mapped the plan that is being challenged," "Plaintiffs have demonstrated the requisite imminent injury to establish standing." *Id.* at 10.

As to ripeness, Judge Kasubhai noted that "the Ninth Circuit has adopted the Supreme Court's dicta that 'a person with standing who is injured by a failure to comply with NEPA procedure may complaint of that failure at the time the failure takes place, for the claim can never get riper.'" *Id*. at 11 (citing *Kern v. BLM*, 284 F.3d 1062, 1070 (9th Cir. 2002), which in turn quotes *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. at 732-33 (1998)). Thus, because plaintiffs there, as here, brought procedural NEPA claims, Plaintiffs claims were ripe. *Id*.

NOTICE OF SUPPLEMENTAL AUTHORITY - 1

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

The F&R in *Cascadia Wildlands* is relevant because in the instant case, Plaintiffs' claims are entirely procedural in nature, and therefore are subject to the same standards set forth in Judge Kasubhai's F&R. Further, Plaintiffs herein have also demonstrated concrete interests and imminent injury stemming from their past and present usage of areas that are slated for implementation of the Screens Amendment, and there is no real possibility the Screens Amendment will not be implemented. See e.g. Dawson Decl. (ECF 46) at 4-8; Krupp Decl. (ECF43) at 6-7. Indeed, unlike the programmatic plan in *Cascadia Wildlands*—where no site-specific implementing projects had yet been approved—there are three final decisions implementing the Screens Amendment and several more projects in the NEPA process in which implementation of the Screens Amendment is the proposed alternative. Pls. Resp/Reply (ECF75) at 6–7.

DATED this 28th day of April, 2023.

    Respectfully submitted,

CRAG LAW CENTER

Meriel L. Darzen, OSB No. 113645,
(503) 525-2725 | meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436,
(503) 227-2212 | oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

NOTICE OF SUPPLEMENTAL AUTHORITY - 2