Meriel L. Darzen, OSB No. 113645
(503) 525-2725 │ meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436
(503) 227-2212 │ oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, **OREGON WILD**, **CENTRAL OREGON LANDWATCH**, **SIERRA CLUB**, **GREAT OLD BROADS FOR WILDERNESS**, and **WILDEARTH GUARDIANS**,<br><br>    Plaintiffs,<br><br>    v.<br><br>**HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment; **GLENN CASAMASSA**, in his capacity as Regional Forester for Region 6; and the **UNITED STATES FOREST SERVICE**,<br><br>    Defendants,<br><br>**AMERICAN FOREST RESOURCE COUNCIL**, and **EASTERN OREGON COUNTIES ASSOCIATION**,<br><br>    Defendants-Intervenors. | Case No. 2:22-cv-00859-HL<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO JAMES JOHNSTON'S SECOND MOTION TO FILE AMICUS BRIEF** |

Plaintiffs Greater Hells Canyon Council, Oregon Wild, Central Oregon LandWatch, Sierra Club, Great Old Broads for Wilderness, and WildEarth Guardians ("Plaintiffs") hereby submit their *Response in Opposition to James Johnston's Motion to File Amicus Brief*, ECF83.

## INTRODUCTION

This court should again deny James Johnston's (second) motion for leave to appear as amicus curiae for three reasons. First, despite the court's order directly to the contrary, Johnston again relies on, and implicitly asks the court to consider, extra-record testimony and evidence.[1] By stipulation of the Parties and pursuant to the well-settled "record-review rule," this Court is bound to the administrative record on review of Plaintiffs' claims under the National Environmental Policy Act ("NEPA"), 16 U.S.C. §§ 4321–4370h. Second, where not extra-record, Professor Johnston's proposed brief is again duplicative of Defendants' and Intervenors' briefs. Finally, rather than focusing on assisting the court with technical expertise and unique knowledge, Johnston's declaration makes unhelpful conclusory and unsupported statements and argument. Proposed amicus curiae disregarded the court's order and made no effort to satisfy the applicable legal standards; this Court should deny the motion.

## LEGAL STANDARDS

Plaintiffs refer the court to their recitation of the legal standards for amicus curiae and submission of extra record evidences in APA cases set forth in their prior objection to Johnston's first motion. See ECF60 at 1-3.

## BACKGROUND

---

[1] If this Court grants the motion, Plaintiffs reserve the right to separately file a motion to strike the Johnston declaration as extra-record testimony and evidence, and all citations thereto in the amicus curiae brief, ECF83-1.

OPP. TO JOHNSTON AMICUS - 1

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

Plaintiffs refer the court to the recitation of the background and procedural posture in their prior objection. ECF60 at 4-5. On April 20, 2023, this Court denied Johnston's motion for leave to appear as amicus (ECF57), struck Johnston's declaration and struck a portion of intervenors' brief that relied on Johnston's declaration. ECF79. The Order noted that Johnston had submitted three articles that consisted of post-decision extra-record evidence, which were impermissible for the court to consider because they were not before the agency when it made its decision, and would therefore require the court to provide its own judgment of their assertions. ECF79 at 9, *citing Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130–31 (9th Cir. 2012). The court in the Order also declined to take judicial notice of the articles under FRE 201 because judicial notice is not applicable unless an exception to the record rule applies and where the evidence is not post-decisional. *Id.* The court allowed Johnston to renew his Motion for Leave to Appear as Amicus Curiae and submit a proposed amicus brief "based on the record" only, but "cautioned that should he choose to renew his [motion], his record-based argument should not merely echo those of Defendants or Intervenors." ECF79 at 12. Professor Johnston refiled his Motion for Leave, Proposed Amicus Brief and Declaration on April 27, 2023. ECF83, 83-1, 84.

## ARGUMENT

**I.       Professor Johnston Again Impermissibly Seeks to Admit Inadmissible Extra-Record Evidence, Duplicates Defendants' Arguments, and Offers No Helpful Information.**

This Court has already made it clear that post-hoc rationalization of Defendants' decision is impermissible. ECF79 at 5. Yet Professor Johnston's second attempt again relies on exactly that. Instead of helping the court understand the complex issues in this case and providing a "unique perspective," Johnston, in a non-technical declaration that reads like a legal brief

without the citations, belabors the points already made by Defendants and Intervenors. This is exactly the opposite of what this Court ordered. Multiple pages of signatures by other scientists does nothing to cure these deficiencies but rather muddies the water on what exact is being submitted – to be clear, it is a declaration of Johnston only, so the signatures can only be post-hoc extra-record evidence, which should be disregarded.

Johnston's second proposed amicus brief contains almost no substantive discussion. ECF83-1. His accompanying declaration, which in and of itself is post-decisional non-record testimony, provides: 1) a summary of Eastside Screens-related history; 2) subjective recitations of what is in the Screens Amendment NEPA documents; and 3) subjective unsupported conclusions about what will happen if the Screens Amendment is not implemented. For the following reasons, the court should deny the motion, and strike and disregard the declaration as it did with Johnston's first declaration.

First, the declaration is, again, duplicative of what is in the briefs already before the court, even though the court specifically cautioned against this course. The papers and briefing in this case are already replete with discussion of the history of the Screens and the content of the EA. *See e.g.* ECF12 at 21-23. Johnston's brief and declaration add nothing to the discussion, and instead draw the *exact* same conclusions as Defendants and Intervenors in their briefs and arguments. Compare ECF84 at 6 ("although it is clear that Drs. Baker, DellaSala, and others do not accept the scientific consensus…this does not imply that there is meaningful or significant scientific controversy,") with ECF56 at 29-30 (repeatedly arguing that a "handful of scientists" disagreeing does not equate with controversy.).

OPP. TO JOHNSTON AMICUS - 3

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

Second, Johnston's declaration in general attempts to insulate the agency's NEPA analysis by "blessing" it as satisfactory on the issues raised in Plaintiffs' claim. For example, Johnston argues the because Plaintiffs cited a letter from Drs. Franklin, Johnson and Seager regarding flaws in the Draft EA's modeling and analysis, Plaintiffs' entire argument on uncertainty is invalid because Johnston (and impliedly Franklin, Johnston and Seager) are now signing off on the analysis as "reasonable," and because the FVS model is the "tool of choice." ECF84 at 13. This is, again, the post-decisional opinion testimony of a Forest Service consultant who worked on the EA and it is thus impermissible for the court to consider. *Tri-Valley CAREs at* 1130–31. Further, Plaintiffs have clarified that they are not criticizing the use of the FVS model in general, but rather its application and underlying assumptions in this context. Johnston's brief addresses none of those issues.

Finally, Johnston's brief makes conclusory statements about how requiring the Forest Service to follow appropriate legal procedures in amending the Screens will "undermine the ability of scientists to do their job generating information." ECF84 at 14. This Court should disregard such unsupported hyperbole. On the contrary, scientists should *want* the agency to be more complete and transparent in its disclosure of scientific information and debate in NEPA documents. And, this is already a legal requirement under NEPA. *See* 40 C.F.R. § 1502.24 (1978) (requiring agencies to ensure professional and scientific integrity in environmental documents). In sum, no one is arguing that the agency cannot *act* in response to changes on the landscape but rather that the agency must be transparent and follow the law in doing so.

In sum, Johnston's second try at an amicus brief is neither permissible nor helpful. He again relies on post-hoc extra-record testimony and again duplicates arguments well-represented

OPP. TO JOHNSTON AMICUS - 4

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

in the existing briefing and NEPA documents without adding any valuable or unique insight or analysis.

## II.     Conclusion

For all of the above reasons, the court should deny James Johnston's Motion for Leave to Appear as Amicus Curiae.

DATED this 5th day of May 2023.

CRAG LAW CENTER

_____
Meriel L. Darzen, OSB No. 113645,
(503) 525-2725 │ meriel@crag.org
Oliver J. H. Stiefel, OSB No. 135436,
(503) 227-2212 │ oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454