IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**GREATER HELLS CANYON** *et al.*,

       Plaintiffs,

v.

**HOMER WILKES,** *et al.*,

       Defendants.

2:22-cv-00859-HL

**ORDER**

AIKEN, District Judge.

    This suit involves six environmental organizations which challenge the United States Forest Service's decision to amend a 30-year-old standard prohibiting logging of large trees in six national forests east of the Cascade Mountains. This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Andrew Hallman. ECF No. 97. Judge Hallman recommends that Plaintiffs' Motion for Summary Judgment, ECF No. 41, should be granted; that the Forest Service's Cross Motion for Summary Judgment, ECF No. 56, should be denied; and that Defendant-Intervenors' Motion for Summary Judgment, ECF No. 62, should be denied.

    The record in this case is substantial, as is the geographical span of the region effected by the rule amendment at issue. As Judge Hallman notes in his analysis of the "significant effect" of the challenged amendment, "the context . . . is massive in

terms of scope and setting," F&R at 19, and that "[i]f there ever were a forest management decision where context should be considered it is this decision." *Id.* at 21. Judge Hallman aptly describes how the amendment at issue directly affects how large trees will be managed across six national forests and 7.8 million acres of federal land." *Id.* at 21-22. The Court acknowledges that, in response to the agency decision here, members of the public submitted "3,300 letters during public comment . . . six separate environmental NGOs sued . . . two NGOs signed on as defendant intervenors, a Native American tribe and a group of 12 forestry professors submitted amicus materials, and the small Pendleton courthouse was uncharacteristically packed from interested parties during oral argument. *Id.* at 22-23.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed.").  Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the

district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

The Forest Service has filed Objections. ECF No. 101. Defendant-Intervenors have filed Objections. ECF No. 102. Plaintiffs have filed a Response to Defendants' Objections, ECF No. 103. The Court has reviewed the F&R, the Objections, Response, and the significant record in this case (ECF Nos. 1, 12, 15, 28, 38, 41-49, 52, 53, 56-57, 62, 70, 75, 77, 80-85, 89-92, 94-95) and finds no error. The F&R, ECF No. 97, is therefore ADOPTED.

As explained in the F&R, Plaintiffs have met their burden on summary judgment to show that the challenged rule amendment may adversely impact endangered species and that the Forest Service violated the National Environmental Policy Act and the Administrative Procedures Act. F&R at 31-32. The Court agrees with Judge Hallman that Plaintiffs are entitled to summary judgment on their claim that Forest Service failed to take a hard look at the amendment's change and its impact on aquatic species. *Id.* at 33. The Court also agrees with Judge Hallman that, according to the plain language under the National Forest Management Act, 36 C.F.R. § 219.51(b), the undersecretary's signature on a decision notice does not exempt a lower ranking official's proposed plan amendment from the objection process. F&R at 16. And finally, that Judge Hallman correctly determined that the

record does not support the Forest Service's assumption that the amendment have "no effect" on the listed aquatic species, in violation of the Endangered Species Act.

Therefore, Plaintiffs' Motion for Summary Judgment, ECF 41, is GRANTED on the following claims: Claim 1, Count 1 (NEPA): Failure to Prepare an EIS; Claim 1, Count 2 (NEPA): Failure to Take a Hard Look; Claim 2, Count 1 (NFMA): Failure to Hold an Administrative Objection Process; and Claim 3 (ESA): Failure to Engage in Consultation. Plaintiffs' Claim 2, Count 2 (NFMA): Failure to Prepare an EIS is DENIED as moot.

The Forest Service's Motion for Summary Judgment, ECF No. 56, is DENIED; and Defendant-Intervenors' Motion for Summary Judgment, ECF No. 62, is DENIED. According to Judge Hallman's recommendation, the Court issues the following Declaration and Injunction:

## DECLARATION

1. The Forest Service violated National Environmental Policy Act by failing to conduct an Environmental Impact Statement or taking a hard look at the effect of the Amendment as a guideline and on aquatic species

2. The Forest Service violated the National Forest Management Act by failing to hold the objection period.

3. The Forest Service violated the Endangered Species Act by failing to address the effects of the Amendment on aquatic species.

## INJUNCTION

1. Defendant shall prepare an Environmental Impact Statement for the Amendment.

2. The Forest Service's Environmental Assessment and Finding of No Significant Impact is VACATED.

3. The Forest Service shall maintain the "snag and green tree retention" portions of the Amendment, which replaced Sections 4(a) and 4(a)(1) of the Eastside Screens, while the Service prepares an Environmental Impact Statement.

It is so ORDERED and DATED this 29th day of March 2024.

    /s/Ann Aiken
ANN AIKEN
United States District Judge